SOHIO PETROLEUM COMPANY, a Delaware corporation, Leo F. Vick and Rose Mae Vick, Plaintiffs–Appellees,

v.

Jack J. GRYNBERG,
Defendant–Appellant.

No. 86CA1369.

Colorado Court of Appeals,
Div. I.

June 2, 1988.

Gorsuch, Kirgis, Campbell, Walker and Grover, Andrew A. Brodkey, Anne T. Kent, Denver, Warren J. Ludlow, Dallas, Tex., for plaintiffs-appellees.

Welborn, Dufford, Brown & Tooley, Phillip D. Barber, Edward D. White, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Jack J. Grynberg, appeals the summary judgment entered quieting plaintiffs' title to certain mineral interests. We affirm.

■ The question presented for review is whether Grynberg could validly exercise a surrender clause in a top lease prior to the effective date of the lease, and thereby avoid paying the full amount of an installment of a deferred bonus contracted for in a separate letter agreement. We agree with the trial court that he could not do so.

■ A top lease is a lease granted by a landowner, during the existence of a recorded mineral lease, which is to become effective if and when the existing lease expires or is terminated. *Shown v. Getty Oil Co.*, 645 S.W.2d 555 (Tex.App.1982); H. Williams & C. Meyers, *Manual of Oil & Gas Terms* 777 (5th ed. 1981); *see Frankfort Oil Co. v. Snakard*, 279 F.2d 436 (10th Cir.), *cert. denied*, 364 U.S. 920, 81 S.Ct. 283, 5 L.Ed.2d 259 (1960). A surrender clause is a lease clause authorizing the lessee to surrender all or part of the leased premises and thereafter be relieved of all obligations as to the acreage surrendered. *See* H. Williams & C. Meyers, *supra*, at 742.

Doubt as to the meaning of an oil and gas lease should be resolved against the party who prepared it. *Hill v. Stanolind Oil & Gas Co.*, 119 Colo. 477, 205 P.2d 643 (1949). When contracts are optional in respect to one party, they are strictly construed in favor of the party that is bound and against the party that is not bound. *Hill v. Stanolind Oil & Gas Co., supra.* The burden to protect an oil and gas lease rests on the lessee. *Kugel v. Young*, 132 Colo. 529, 291 P.2d 695 (1955).

Here, the top lease containing the surrender clause was prepared by Grynberg, and by its terms was not effective before January 30, 1984. The top lease itself contained no reference to the bonus payments of $25 per acre. References to those payments were contained in letters dated April 29, 1983, and July 11, 1983, from Grynberg's agent to the Vicks. Neither of those letters gives any indication that the bonus payments would be subject to reduction if Grynberg decided to surrender a portion of the acreage covered by the top lease. Rather, the April 29, 1983, letter provided that the Vicks would receive 15%

of the bonus consideration upon execution of the top lease, and the balance on January 30, 1984, the effective date of the top lease.

Before the effective date of the top lease, Grynberg delivered to the Vicks a release of one-half of the acreage, along with a check for the bonus he claimed was due on the acreage he wished to retain. Grynberg calculated the remaining bonus due by deducting the 15% initial bonus paid on both the retained and the released acreage from the total $25 per acre bonus for the acreage he wished to retain. The Vicks refused the tender, and instituted this action to quiet title to the total mineral acreage covered by the top lease.

█ On cross-motions for summary judgment, the trial court found there was no genuine issue of material fact and quieted title in plaintiffs. The court found that Grynberg was obligated to pay the entire bonus notwithstanding his release of a portion of the leased premises before January 30, 1984. The court further found that because Grynberg had failed to pay the entire bonus due, he could not claim any interest in the mineral estate covered by the top lease. We agree with the trial court's conclusion.

The terms set forth by Grynberg for the payment of the bonus are clear and unambiguous. The failure to perform this essential requirement defeats the entire agreement and entitles the lessor to clear title to his property. *See Johnson v. Mineral Estate, Inc.,* 371 N.W.2d 136 (N.D. 1985); *Nantt v. Puckett Energy Co.,* 382 N.W.2d 655 (N.D.1986). Had Grynberg wished the advantage he now claims, it would have been a simple matter to have included such provisions in the agreement. *See* Ernest, *Top Leasing—Legality v. Morality,* 26 Rocky Mt. Min.L.Inst. 957 (1980).

Judgment affirmed.

TURSI and PLANK, JJ., concur.